**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Hiram Jair Antunez Oliver, | Case No.: 2:26-cv-01473-APG-BNW |
| Petitioner, | **Service and Appointment of Counsel Order** |
| v. | |
| Warden, Nevada Southern Detention Center, et al., | [ECF Nos. 1, 1-1] |
| Respondents. | |

Petitioner Hiram Jair Antunez Oliver, an immigration detainee, who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, a motion for temporary restraining order, a motion for stay of removal, a motion to expedite proceedings, and a motion for immediate release. ECF Nos. 1, 1-1, 2, 3, 4, 5. Oliver has paid the filing fee. ECF No. 1-2. The appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1] And, following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[2] I find that the petition establishes a prima facie case for relief, so I direct that it be served on the respondents and I set a briefing schedule.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

[2] I exercise me discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

I THEREFORE ORDER that the Federal Public Defender for the District of Nevada is appointed to represent Oliver and is directed to file a notice of appearance (or indicate its inability to represent Oliver) within seven days of the date of this Order.  If the Federal Public Defender is unable to represent Oliver because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent Oliver in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

I FURTHER ORDER that if the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to file an amended petition (or to indicate that an amended petition is unnecessary).  The Federal Public Defender shall effectuate service of the amended petition on the respondents.

I FURTHER ORDER the Clerk of Court to:

1.	ADD the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party.  Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2.	SEND a copy of the petition (ECF Nos. 1, 1-1) and this order to the Federal Public Defender, Petitioner, and the CJA Coordinator for this division.

3.	MAIL a copy of the Petition (ECF Nos. 1, 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

4.	SEND a copy of the petition (ECF Nos. 1, 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

2

I FURTHER ORDER that the United States Attorney's Office for the District of Nevada file a notice of appearance within seven days of the date of this order and file and serve their answer to the amended petition, and responses to any motions then still pending, within 14 days of service of the counseled amended petition, unless additional time is allowed for good cause shown.  Oliver will then have seven days to file a reply to the answer and replies in support of any pending motions.

I FURTHER ORDER that the federal respondents must, within 14 days of the date of this order, produce the following documents to Oliver's counsel: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Oliver's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or Oliver; (7) transcripts and/or audio recordings of any custody redetermination proceedings.  Alternatively, the federal respondents must CERTIFY that any of the listed documents are not in their custody or control.[3]

I FURTHER ORDER that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the

---

[3] Ordering the federal respondents to produce documents relevant to the lawfulness of Oliver's detention is necessary for met to "dispose of the matter as law and justice require." *See Harris v. Nelson*, 394 U.S. 286, 290 (1969).  A detained habeas petitioner "is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition . . . and a habeas corpus proceeding must not be allowed to founder in a 'procedural morass.'" *Id*. at 291–92 (citation omitted).  Accordingly, pursuant to Rule 6 of the Rules Governing § 2254 Cases—which I, in my discretion, apply to this § 2241 matter, *see* § 2254 Rule 1(b)—I find good cause to order the federal respondents to produce relevant documents in their possession, custody, or control.

extension.  Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

I FURTHER ORDER that Respondents must not transfer Oliver out of this District, with the exception of effectuating his lawful deportation.[4]

DATED: May 14, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

4